**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-2666 (JNE/DTS) |
| This Document Relates to: | **ORDER** |

0:16-cv-004141, Buono
0:16-cv-04422, McGalliard
0:17-cv-00408, Rudolph
0:17-cv-00680, Johnson
0:17-cv-00820, Troshak
0:17-cv-00876, Luoma
0:17-cv-00990, Matia
0:17-cv-01225, Petta
0:17-cv-04294, Washington
0:17-cv-04381, Gary
0:17-cv-04703, Betts
0:17-cv-04761, Schucker
0:17-cv-05450, Stephens
0:18-cv-00056, Cowan
0:18-cv-00064, Garvin
0:18-cv-00254, Allen
0:18-cv-00263, Robinson
0:18-cv-01272, McDermott
0:18-cv-02388, Magee
0:24-cv-04546, McLaughlin
0:24-cv-04648, Whitlow
0:25-cv-00489, Yarborough

---

## NOTICE OF AND ORDER FOR PRETRIAL CONFERENCE

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held before United States Magistrate Judge David T. Schultz on **December 22, 2025, at 2:00 p.m.** in Courtroom 9W in the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

**Meeting of Counsel**

Lead Counsel for each case must meet at least seven days before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure under Local Rule 26.1. At the meeting counsel shall consider and discuss each item on the Rule 26(f) report form attached, including the following:

1. Whether Plaintiff(s) wish to proceed with the case. If Plaintiff(s) do not wish to proceed with the case, a voluntary dismissal with prejudice must be filed **no later than two days** before the scheduled pretrial conference.

2. A report on the status of the Plaintiff's Fact Sheet, and the exchange of all Plaintiffs' medical records.

3. Anticipated motions that may resolve the case or narrow the issues.

4. A statement of Trial Readiness.

In addition, the Parties shall discuss (and come prepared to discuss at the Rule 16 conference) the following discovery limitations:

1. Fact Discovery Limitations:

   a. Fact discovery will close 3 months from the issuance of the Rule 16 scheduling order.

   b. Each party may take no more than 20 hours of fact deposition testimony.

   c. Each party may serve no more than:

       i.  15 document requests; and

       ii. 25 interrogatories.

   d. No general causation discovery may be taken.

   e. No extensions of the schedule will be granted absent extraordinary circumstances.

   f.  The Court will discuss a streamlined discovery motion procedure.

2. Expert Discovery:

   a. Each side may depose the other side's specific causation and damages experts.

   b. Plaintiffs' expert reports shall be served 2 months after the close of fact discovery.

c.  Defendants' expert reports will be served one month after Plaintiff's expert reports are due.

d.  All expert depositions will be completed 5 months after the close of fact discovery.

## Consent to the Magistrate Judge

If both parties consent to trial by the magistrate judge pursuant to 28 U.S.C. § 636(c) they must provide the information included on the Rule 26(f) report, execute the attached consent form and electronically file said form pursuant to Section II, Part F, of the ECF Procedures for the District of Minnesota (Civil). Consent to the jurisdiction of the Magistrate Judge does not waive any party's right to a jury trial or to an appeal.

## In-Person Appearances

Lead counsel must appear in-person at the Rule 16 conference.

## Other

Counsel should contact Magistrate Judge Schultz's Courtroom Deputy, Serge  Bodnarchuk, at 612-664-5460, with respect to any matters concerning the pretrial conference.

Dated: November 24, 2025                     s/ David T. Schultz
                                             DAVID T. SCHULTZ
                                             U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

x,                                                            Case No.  x-cv-x (x/DTS)

       Plaintiff,

v.                                                            **RULE 26(F) REPORT**

x,

       Defendant.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on _____ and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **x x,** at **x a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

### TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. **If, but only if, the parties consent to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.**

The parties **do/do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C.
§ 636(c).

The parties **do/do not** wish to receive a date certain for trial at the Rule 16(a) conference?

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

2. Concise factual summary of Defendant's claims/defenses:

3. Statement of jurisdiction (including statutory citations):

4. Summary of factual stipulations or agreements:

5. Statement of whether a jury trial has been timely demanded by any party:

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. Plaintiff(s) served a completed Plaintiff's Fact Sheet on_____. Plaintiff must confirm that a reasonable and good faith effort was made to obtain the information requested in the Plaintiff Fact Sheet by the submission deadline.

2. The parties have exchanged or will exchange all of Plaintiff's medical records in their possession by ____.

3. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before _____.  If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

4. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by 10/31/25.

5. The parties must commence fact discovery procedures in time to be completed by 10/31/25.

6. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   a. 25 interrogatories;

   b. 15 document requests;

   c. 25 requests for admission.  The parties have discussed a protocol for

the authentication of documents and agree on the following:

d.    20 hours of depositions:

e.    1 Rule 35 medical examination; and

f.    The parties have discussed the topic of Rule 30(b)6) deposition practice and have made the following agreements: _____.

## EXPERT DISCOVERY

1.    The parties anticipate that they [will/will not] require expert witnesses at the time of trial.

a.    The Plaintiff anticipates calling _____ (number) experts in the fields of:

b.    The Defendant anticipates calling _____ (number) experts in the fields of:

2.    The parties propose that the Court establish the following plan for expert discovery:

a.    Expert Disclosures

(i)  The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before 12/3/25.

(ii) The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before 1/31/26.

3.    All expert discovery, including expert depositions, must be completed by 3/31/26.

## OTHER DISCOVERY ISSUES

1.    This Court has already entered a protective order and ESI protocol that governs these cases. *See* Pretrial Order Nos. 7, 10, MDL Dkt. Nos. 39, 50. The protective order in place also addresses the protection of inadvertent production of privileged materials. *See* Pretrial Order No. 7 ¶ 5, MDL Dkt. No. 39.

**MOTION SCHEDULE**

The parties proposed the following deadlines for filing motions:

1.      Motions seeking to join other parties must be filed and served by
_____.

2.      Motions seeking to amend the pleadings must be filed and served by
_____.

3.      Non-Dispositive Motions

      a.      All non-dispositive motions relating to *fact* discovery must be filed  and served by to be discussed at conference.

      b.      All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by to be discussed at conference.

4.      Dispositive Motions:

      a.      The parties anticipate that they may file the following motions that may resolve the case or narrow the issues:

      b.      All dispositive motions must be served and filed by to be discussed at conference.

**TRIAL**

1.      The parties agree that the case will  be ready for trial on or after
_____

2.      The anticipated length of the [bench/jury-select one] trial is __ days.

Dated: _____

_____
Plaintiff's Counsel
License No. _____

Address: _____

_____

Phone: _____

Dated: _____

<div style="margin-left:50%">

_____

Defendants' Counsel

License No. _____

Address: _____

_____

_____

Phone: _____

</div>